## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Selma Banks,

                 Plaintiff,       Case No. 1:18-cv-00915

v.                            Michael L. Brown
                            United States District Judge

The Kroger Co.,

                 Defendant.

_____/

## ORDER

Defendant The Kroger Company moved for summary judgment on Plaintiff Selma Banks's claim for damages related to a slip-and-fall at one of its grocery stores. (Dkt. 34.) The Court grants Defendant's motion.

## I.   Factual Background

Plaintiff claims she slipped and fell in the meat department of a Kroger store because of water and a wet paper towel on the floor. (Dkt. 34-4 ¶¶ 3, 5.) Two store surveillance cameras recorded her fall and the events before and after. (Dkt. 35.) The video matches Defendant's statement of material facts. (Dkt. 34-4.)

The undisputed evidence shows that Russell Silver, a Kroger store clerk, swept the floor of the meat department in which Plaintiff later fell from 3:12 p.m. to 3:13 p.m.  (*Id.* ¶ 6.)  He then moved to other areas of the store, including another part of the meat department.  (*Id.* ¶¶ 9, 11.)  Mr. Silver is a high-functioning special needs employee "who is very detailed in his work."  (*Id.* ¶ 7.)  He inspected and swept the area in the meat department about twelve minutes before Plaintiff fell.  (*Id.* ¶ 8.)  In that time, at least fourteen customers, including five children, walked through the area.  (*Id.* ¶ 10.)  But no other Kroger employee went into the area. (*Id.* ¶ 10.)

At 3:23 p.m., Plaintiff walked into the general area around the meat department, turned to the right, and looked in a refrigerated wall case. (*Id.* ¶ 12.)  She then continued into the meat department.  (*Id.* ¶ 12.) Nothing obstructed her vision or view of the floor.  (*Id.* ¶ 13.)  Between 3:24:26 p.m. and 3:24:27 p.m., Plaintiff fell, outstretching her right hand and landing on her buttocks.  (*Id.* ¶ 12.)  She testified that she saw nothing — neither water nor a paper towel — on the floor before falling. (*Id.* ¶ 14.)  She testified, however, that her right hand touched the floor and became "all wet with the water."  (*Id.* ¶ 18.)  Plaintiff claims she

landed in a puddle of water but could not testify about its size. (*Id.* ¶ 19.) She first described it as about the size of a sheet of paper (not including water that had soaked into her clothes) but later admitted she did not know how much water was on the floor. (*Id.* ¶ 19.)

Plaintiff admits she does not know how or when the water or paper towel got on the floor. (*Id.* ¶¶ 15–16.) She said another customer could possibly have spilled water. (*Id.*) The store manager, Mr. Hewell, testified that, when he got to the area about two minutes after Plaintiff's fall, there was "very little presence of water" on the piece of cardboard (what Plaintiff describes as a paper towel) and no water on the floor itself. (*Id.* ¶ 20.)

Plaintiff sued Defendant in the State Court of DeKalb County to recover damages, alleging premises liability under Georgia Code § 51-3-1. (Dkt. 1-2.) Defendant removed the matter to federal court and now seeks summary judgment. (Dkts. 1; 34.)

The Court notes that Plaintiff ignored Local Rules about summary judgment. Local Rule 56.1B requires a nonmovant to refute directly each of a movant's facts with concise responses and specific citations to evidence. LR 56.1B(2)(a)(2), NDGa. Plaintiff did not do so. She also

presented no facts of her own that she claims create a genuine dispute of material fact and preclude summary judgment.  The Court thus considers each of Defendant's facts admitted.  *See* LR 56.1B(2) ("This Court will deem each of the movant's facts as admitted unless the respondent . . . directly refutes the movant's fact with concise responses supported by specific citations to evidence . . . ."); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) ("Plaintiff[']s failure to comply with local rule 56.1 is not a mere technicality."); *see also Smith v. Mercer*, 572 F. App'x 676, 678 (11th Cir. 2014) (noting that district court properly found defendants' facts admitted under Local Rule 56.1 where plaintiff responded to facts without including citations to evidence of record).

This determination, however, does not discharge Defendant's burden at summary judgment.  The Court must still review the evidence to determine whether, based on the undisputed facts, Defendant is entitled to judgment as a matter of law.  *Mann*, 588 F.3d at 1303 (citing *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008)).

## II.  Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The party moving for summary judgment bears the initial burden of showing a court, by reference to materials in the record, that there is no genuine dispute as to any material fact that a jury should decide at trial.  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  A moving party meets this burden merely by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  The movant, however, need not negate the other party's claim.  *Id.* at 323.  In determining whether the moving party has met this burden, a court must view the evidence and all reasonable factual inferences in the light most favorable

to the party opposing the motion. *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the movant has adequately supported its motion, the nonmoving party then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, there is no genuine dispute for trial when the record as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id.* But "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. The court, however, resolves all reasonable doubts in the favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

Additionally, "[i]t is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). But "[w]hen opposing parties tell two different stories, one of which is

blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 372 (2007).

## III.   Discussion

In *Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (Ga. 1997), the Georgia Supreme Court reviewed years of Georgia case law from slip and fall premises liability appeals to address what it described as a "pendulum-like" swing back and forth in Georgia law between cases accenting an owner's obligation to keep its premises safe and those accenting an invitee's obligations to exercise due care for his or her own safety. *Id.* at 405.  The Georgia Supreme Court ultimately "reaffirmed" that, to recover for injuries sustain in a slip-and-fall action, an invitee like Plaintiff must prove both "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier."

## A.   Actual Knowledge

Defendant has presented evidence that it had no actual knowledge of water or a paper towel on the floor of the meat department when Plaintiff fell.  (Dkt. 34-4 at ¶ 20.)  Plaintiff alleges in her complaint that Defendant had actual knowledge.  (Dkt. 1-2 ¶ 17.)  She cites no such evidence in her opposition to summary judgment and cannot merely rely on her complaint allegations at this point in the case.  *See Anderson*, 477 U.S. at 256.  The undisputed evidence shows Defendant had no actual knowledge of the hazard.  *See Medders v. Kroger Co.*, 572 S.E.2d 386, 387 (Ga. Ct. App. 2002) ("[I]t is undisputed that there were no Kroger employees in the immediate area when [the plaintiff] fell.  Therefore, she cannot show that Kroger had actual knowledge of the hazard.").  Defendant is entitled to summary judgment based on its lack of actual knowledge.

## B.   Constructive Knowledge

Plaintiff also alleges Defendant had constructive knowledge of the alleged hazard.  (Dkt. 1-2 ¶ 18.)  To show constructive knowledge, a plaintiff must present evidence either "that (1) an employee of the proprietor was in the immediate area of the hazard and could have easily

seen and removed it; or (2) the hazard had been present long enough that the proprietor could have discovered it through reasonable inspection procedures." *Lomax v. Kroger Co.*, 824 S.E.2d 629, 631 (Ga. Ct. App. 2019); *see also J.H. Harvey Co. v. Reddick*, 522 S.E.2d 749, 751 (Ga. Ct. App. 1999). Under the second method, such constructive knowledge

> may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident.

*Shepard v. Winn Dixie Stores, Inc.*, 527 S.E.2d 36, 38 (Ga. Ct. App. 1999) (internal quotation marks omitted). Under Georgia law, however, "[i]t is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous." *Mazur v. Food Giant, Inc.*, 359 S.E.2d 178, 178 (Ga. Ct. App. 1987); *see also Blake v. Kroger Co.*, 480 S.E.2d 199, 202 (Ga. Ct. App. 1996) ("We know of no case or rule which requires a proprietor or its employees to crawl on the floor at regular intervals to discover and remove every otherwise hidden or invisible hazard."). But regardless of any inspection policy, "when a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, [Georgia courts

hold] that the inspection procedure was adequate as a matter of law" and may grant summary judgment to the proprietor. *Medders*, 572 S.E.2d at 388 (quoting *Matthews v. The Varsity*, 546 S.E.2d 878 (Ga. Ct. App. 2001)).

The record here contains undisputed evidence that Mr. Silver inspected and swept the area about twelve minutes before Plaintiff fell, in accordance with the store's standard cleaning and inspection process. (Dkts. 34-4 ¶¶ 6–8; 33-2 at 17:9-14.)  This evidence includes the time-stamped video footage.  (Dkts. 34-1; 35.)  Plaintiff does not dispute this. In opposition, she speculates that Mr. Silver "completely missed" the "area where the water was," further suggesting that because he is "disabled," he must have ignored any wet spot because "he knew he wasn't supposed to put a broom in water."  (Dkt. 33-1 at 64:19–65:3.) Plaintiff bases her argument on pure speculation, with no supporting evidence.[1]  (*See* Dkt. 37 at 9.)  Her conjecture cannot create a genuine

---

[1] In her opposition brief, Plaintiff inexplicably admits that "[i]t is possible that Mrs. Banks carried some water and a paper product with her into the store, staged her fall and then placed the paper/cardboard onto the floor prior to Mr. Hewell's arrival." (Dkt. 37 at 12.)  She also argues that whether "Plaintiff is lying about the entire incident is a fact issue to be argued at trial." (*Id.*)  While the Court finds this admission particularly

10

dispute of material fact.   *See Medders*, 572 S.E.2d at 388 ("This acknowledgement that something is 'possible' is mere speculation.   For an inference to be sufficient to create a genuine issue of fact precluding summary judgment, it must be reasonable and must amount to more than mere speculation, conjecture, or possibility.").

Again, the record shows Mr. Silver inspected and swept the area shortly before Plaintiff fell — whether he physically pushed the broom past the exact spot is immaterial to his overall inspection.   And the evidence shows Mr. Silver is "very detailed in his work."  (Dkts. 33-2 at 17:9–14; 34-4 ¶ 7.)   The store manager, Mr. Hewell, also testified that Defendant trains its employees (like Mr. Silver) to maintain a dry, safe floor for its customers.   (Dkt. 33-2 at 16:18-17:14.)   He explained Defendant's customary inspection procedure, saying "we have to do floor sweeps six, seven times a day.   We log them.   They go grab their push broom.   They start in produce.   They do a very thorough sweep of the area and continue throughout the store, visually looking for any debris,

---

concerning, it does not raise a genuine issue of fact to contradict the record evidence or preclude summary judgment.   *See Medders*, 572 S.E.2d at 388.

to – to pick the debris up as they're going." (*Id.* at 17:9–14.)  He further testified that Defendant followed this policy on the day Plaintiff fell.  (*Id.*)

The undisputed evidence, including the surveillance footage, shows that Defendant followed its procedures and inspected the area a mere twelve minutes before Plaintiff fell.  Under Georgia law, Defendant is entitled to summary judgment based on its lack of constructive knowledge of the hazard.  *See Shepard*, 527 S.E.2d at 38 (to obtain summary judgment, defendant must show it had reasonable inspection program in place and carried out the program at time of incident) *cf. Lomax*, 824 S.E.2d at 632 (finding dispute in record where manager testified to the customary "store inspection plan" but discrepancy existed between the store's sweep log and the surveillance footage).

Even if Defendant could not show that it carried out its reasonable inspection plan on the afternoon at issue, it would still be entitled to summary judgment based on the lack of constructive knowledge because Plaintiff points to no evidence creating a genuine issue of material fact suggesting an employee of Defendant was in the area of the hazard and could have seen it easily or that the hazard had been on the floor for long enough for Defendant to have discovered it with a reasonable inspection.

12

Again, Mr. Silver cleaned the area about twelve minutes before she fell. The undisputed evidence shows that no employee of Defendant was in the area after the inspection but before she fell.  Plaintiff also points to no evidence showing how water or a paper towel got on the floor or how long it had been there before her fall.  *See Kmart Corp. v. McCollum*, 659 S.E.2d 913, 916 (Ga. Ct. App. 2008) (finding inspection procedure adequate as matter of law when plaintiff could point to no evidence "to show that the liquid had been there long enough that Kmart should have discovered and removed it during a reasonable inspection").  Plaintiff thus presents no evidence to establish Defendant's constructive knowledge of the alleged hazard.  *See Ginn v. Grothere*, 469 S.E.2d 876, 878 (Ga. Ct. App. 1996) (explaining that "a defendant can establish lack of actionable constructive knowledge by evidence of compliance with reasonable inspection . . . procedures").

The Court's conclusion is in line with decisions of Georgia courts consistently holding that inspections such as Mr. Silver's, conducted within fifteen minutes before a fall, are reasonable as a matter of law. *See, e.g.*, *Walmart Stores East L.P. v. Benson*, 806 S.E.2d 25, 30 (Ga. Ct. App. 2017) (holding adequate as matter of law an inspection of the store

aisle conducted less than thirty minutes before a fall); *Brown v. Host/Taco Joint Venture*, 699 S.E.2d 439, 443 (Ga. Ct. App. 2010) (holding adequate as matter of law an inspection procedure conducted every fifteen minutes); *Adamchick v. Cracker Barrel Old Country Store, Inc.*, 637 S.E.2d 44, 46 (Ga. Ct. App. 2006) (holding no constructive knowledge based on inspection of bathroom conducted fifteen minutes before a fall). The Court thus holds Defendant's inspection of the area shortly before the incident adequate and reasonable as a matter of law. And because the Court finds that Defendant had neither actual nor constructive knowledge of the alleged hazard, Plaintiff's claim under § 51-3-1 must fail.[2] The Court grants Defendant's motion for summary judgment.

## IV. Conclusion

The Court **GRANTS** Defendant The Kroger Co.'s Motion for Summary Judgment (Dkt. 34) and **DISMISSES** this action.

---

[2] Because the Court finds Plaintiff has failed to show that Defendant had actual or constructive knowledge of the hazard, the Court need not decide the second issue of whether Plaintiff exercised ordinary care for her own safety. *See Medders*, 572 S.E.2d at 388 (affirming grant of summary judgment on basis of no actual or constructive knowledge).

**SO ORDERED** this 5th day of December, 2019.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE